OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cincinnati Bar Association v. Evans.
[Cite as Cincinnati Bar Assn. v. Evans (1994),          Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Permanent disbarment --
     Conviction on twenty felony counts.
     (No. 94-973 -- Submitted September 13, 1994 -- Decided
November 16, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-57.
     By a complaint filed on October 18, 1993, relator,
Cincinnati Bar Association, charged, inter alia, that
respondent, Walter Colbert Evans of Chillicothe, Ohio, Attorney
Registration no. 0042881, had been convicted of twenty felony
counts in Hamilton County, Ohio, and that he had thereby
violated DR 1-102(A)(3) (engaging in illegal conduct involving
moral turpitude), 1-102(A)(4) (engaging in conduct involving
dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6)
(engaging in conduct that adversely reflects on his fitness to
practice law), and Gov.Bar R. V(6)(A) (conviction of a crime
involving moral turpitude).  Respondent was served with the
complaint, and filed an answer professing his innocence of the
charges for which he had been convicted and asserting that
until his postconviction appeals had been completed, no
disciplinary proceedings should be initiated against him for
those matters.  Respondent's convictions were affirmed by the
Hamilton County Court of Appeals, case Nos. C-910443 and
C-910515.  Respondent's motions for leave to appeal to this
court were overruled on January 19, 1994, and rehearing was
denied on March 9, 1994.
     The matter was submitted to a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
without oral hearing and upon the exhibits of relator.
Supporting relator's complaint were a certified copy of the
judgment entry of conviction against respondent (State of Ohio
v. Walter Evans [June 12, 1991], Hamilton C.P. No. B 89-3269,
unreported), and certified copies of this court's entries
denying jurisdiction on January 19, 1994, and March 9, 1994.
The judgment entry reflects that respondent was convicted of

the following felonies: one count of theft (over $100,000) in violation of R.C. 2913.02; one count of receiving stolen property (over $100,000) in violation of R.C. 2913.51; seven counts of forgery in violation of R.C. 2913.31; six counts of uttering in violation of R.C. 2913.31; one count of theft (over $300) in violation of R.C. 2913.02; one count of breaking and entering in violation of R.C. 2911.13; one count of theft (over $5,000) in violation of R.C. 2913.02; one count of vandalism in violation of R.C. 2909.05; and one count of receiving stolen property in violation of R.C. 2913.51.[1] Respondent is currently serving the sentences imposed for these crimes.

Based on the foregoing, the panel found violations of DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(6), and Gov.Bar R. V(6)(A). It then recommended the sanction recommended by relator, permanent disbarment. The board adopted the panel's findings and its recommendation.

Frederick O. Kiel and Maury M. Tepper, for relator.

Per Curiam. Having thoroughly reviewed the record, we agree with the board's findings of misconduct and its recommendation. Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE

1    Respondent was indefinitely suspended from the practice of law in Ohio on July 24, 1985, for matters unrelated to his conviction in case No. B 89-3269, including failure to maintain adequate records of a client's funds, conflict of interest, and failure to cooperate in a grievance investigation. See Dayton Bar Assn. v. Evans (1985), 18 Ohio St.3d 300, 18 OBR 348, 480 N.E.2d 1118.